Alissa M. Mellem
William T. Casey
PARSONS BEHLE & LATIMER
127 E. Main Street, Suite 301
Missoula, MT 59802
Telephone: (406) 317-7220
amellem@parsonsbehle.com
wcasey@parsonsbehle.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| MADER CORPORATION,  *Plaintiff*,  v.  M.K. WEEDEN CONSTRUCTION, INC.,  *Defendant*. | Cause No. CV-23-75-GF-BMM-JTJ  **COMPLAINT** |

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Mader Corporation is a Colorado corporation, with its principal place of business in the state of Colorado. Plaintiff is therefore a citizen of Colorado.

2. Defendant M.K. Weeden Construction, Inc., is a Montana corporation, with its principal place of business in the state of Montana. Defendant therefore is a citizen of Montana.

3. This case arises from Defendant's failure to pay Plaintiff nearly $250,000 for services performed by Plaintiff pursuant to a contract.

4. This is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court therefore has original jurisdiction under 28 U.S.C. § 1332.

5. The events giving rise to this action occurred within the District of Montana, and Defendant resides in Fergus County, Montana. Venue is therefore proper in the Great Falls Division pursuant to 28 U.S.C. § 1391 and L.R. 1.2(c)(3) and 3.2(b).

## FACTS COMMON TO ALL CLAIMS

6. Plaintiff realleges and incorporates the preceding allegations.

7. Defendant is a construction company.

8. Plaintiff performs, among other things, maintenance, repairs, and mechanical services for owners and operators of heavy-duty construction equipment.

9. On or about March 21, 2022, Defendant entered a contract with Plaintiff for Plaintiff to provide maintenance, repairs, and mechanical services on Defendant's construction equipment in Montana.

10. The contract included express terms that Defendant would pay Plaintiff for its services within 30 days of the date of each invoice.

11. Plaintiff performed the services for Defendant from approximately May 2, 2022, to December 13, 2022, and submitted invoices to Defendant upon completion of such services.

12. Defendant never disputed any of the invoices and never raised any issues concerning the work performed by Plaintiff.

13. From approximately April 24, 2023, to August 29, 2023, Defendant made partial payments toward the outstanding invoices. In total, Defendant has paid only $75,000 for the work performed by Plaintiff, leaving an outstanding balance of $248,781.25, exclusive of interest and costs.

14. Despite multiple requests for payment, and multiple assurances of payment by Defendant, Defendant has failed to pay the remaining amount due to Plaintiff for the services performed. A copy of the contract, along with the unpaid invoices and Plaintiff's final request for payment, is attached as **Exhibit A**.

## COUNT I: BREACH OF CONTRACT

15. Plaintiff realleges and incorporates the preceding allegations.

16. A valid contract existed between the parties.

17. Defendant agreed to pay Plaintiff to perform maintenance, repairs, and mechanical-related services on Defendant's equipment.

18. Specifically, Defendant agreed to pay Plaintiff for its services within 30 days of the date of each invoice.

19. Plaintiff performed the services and issued invoices in accordance with the terms of the contract.

20. Defendant failed to pay Plaintiff for its services.

21. The agreement between the parties also contained an implied covenant of good faith and fair dealing as recognized by Montana law.

22. Defendant's failure frustrated the purpose of the contract such that Plaintiff did not receive the benefit it bargained for.  Defendant therefore breached the implied covenant of good faith and fair dealing inherent in the contract.

23. Defendant's failures constitute a breach of the contract.

24. As a result of Defendant's breach, Plaintiff incurred damages in an amount to be determined at trial, but which is no less than $248,781.25.

## COUNT II: QUANTUM MERUIT

25. Plaintiff realleges and incorporates the preceding allegations.

26. Plaintiff pleads this count in the alternative.

27. Plaintiff provided to Defendant, at Defendant's request, maintenance, repairs, and mechanical-related services on Defendant's construction equipment.

28. Despite receiving, accepting, and utilizing Plaintiff's services, Defendant has failed and refused to compensate Plaintiff for those services.

29. Even in the absence of an enforceable contract, fairness and equity dictate that Defendant should pay Plaintiff for the value of those services.

30.     Defendant's failure to compensate Plaintiff for its services has damaged Plaintiff in an amount to be determined at trial but which is no less than $248,781.25.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

1.      That judgment be entered in favor of Plaintiff;

2.      For all available damages, including pre-judgment and post-judgment interest, costs, and attorney fees to the extent permitted by law or contract; and

3.      For such other and further relief as the Court deems appropriate.

DATED: November 28, 2023.

                                                PARSONS BEHLE & LATIMER
*Attorneys for Plaintiff*

/s/ William T. Casey
William T. Casey

5